NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| JAMES A. WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-140-DCR |
| | ) | |
| | ) | |
| | ) | |
| McCLEE FELTNER, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff James A. Webb has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983. [Record No. 1] When Webb filed his complaint, he was confined in the Perry County Detention Center ("PCDC"), 200 Justice Drive, Lexington, Kentucky, 41701. On April 19, 2005, he filed a "Notice of Change of Address" stating that his new address is 516 Fairway Drive, Brandenburg, Kentucky. The plaintiff did not pay the requisite $250.00 filing fee, but he did submit a prisoner's motion to proceed *in forma pauperis*. [Record No. 2].

The named defendants are: (1) McClee Feltner, Jailer of the PCDC; (2) John D. Rees, Commissioner of the Kentucky Department of Corrections ("KDOC"); and (3) Ernie Fletcher, Governor of the Commonwealth of Kentucky. The plaintiff did not identify the capacity in which he sued the named defendants.

On May 10, 2005, the Court entered a "Deficiency Order" in which it noted that because Webb appeared to no longer be in custody, his motion to proceed *in forma pauperis* did not contain sufficient financial information for the Court to assess his inability to pre-pay the $250.00 filing fee.

In the Deficiency Order, the Court advised Webb that he would be required to complete and submit a different motion to proceed *in forma pauperis*, which the Court typically requires non-prisoner plaintiffs to submit. [Record No. 4][1] The Court provided Webb with the requisite *in forma pauperis* form and he was given thirty (30) days in which to comply with the Deficiency Order [*Id*.].

On May 17, 2005, the plaintiff filed a letter which the Court construed as a request for an extension of time in which to comply with the Deficiency Order. [Record No. 5] On May 23, 2005, the Court entered an Order granting Webb's construed motion for extension of time, and giving him an additional twenty days (until June 30, 2005) in which to comply with the Deficiency Order. [Record No. 6]

The record reflects that on May 23, 2005, the Clerk of this Court mailed a copy of the Order entered on that date to Webb at his listed and last known address:

> James A. Webb
> 516 Fairway Drive,
> Brandenburg, Kentucky, 40108

[*See* Record No. 6; (Attachment: Clerk's Notation)]

There is no indication in the record that the copy of the Court's May 23, 2005 Order, which the Clerk of the Court mailed to Webb at his last known address on that date, was returned in the mail as "Undeliverable" for any reason. However, Webb has not responded to the Court's May 23, 2005 Order, and the time for his compliance with the "Deficiency Order" has expired. This record does not reflect that Webb has requested an extension of time in which to respond to the Court's May 23, 2005 Order.

---

[1] The Court advised and informed the plaintiff that if he failed to comply with the "Deficiency Order" within thirty days, the Court would order the case dismissed for want of prosecution. The "Deficiency Order" also notified Webb that if the Court dismissed his complaint on these grounds, it would not be reinstated to this Court's active docket despite the subsequent payment of filing fees. [*See* Record No. 4, ¶ 3.]

The lenient treatment generally accorded to *pro se* litigants has its limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion *when ordered to do so by magistrate judge*) (emphasis added); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders). In short, Webb bears some responsibility in pursuing his claims in a timely fashion, but he has not done so, despite being given ample opportunity.

The Court construes Webb's failure to respond to the Court's May 23, 2005 Order as an abandonment of his claims. Further, the Court determines that this proceeding should be dismissed for want of prosecution, Webb having failed to comply with the Court's Order of May 23, 2005. Accordingly, it is hereby

**ORDERED** that this action is **DISMISSED**, *sua sponte*, without prejudice.

This 18th day of July, 2005.

Signed By:
Danny C. Reeves  DCR
United States District Judge